PETERSON, Chief Judge.
Phillip Swaim appeals his convictions for two counts of sexual battery on a child less than twelve years of age pursuant to section 794.011(2), Florida Statutes. We find merit in one of the issues raised by Swaim, that the state failed to provide sufficient proof to sustain both of the convictions.
Swaim correctly notes that the state had to prove digital penetration in order to prove sexual battery and that digital union is insufficient. He contends, but we disagree, that the state never proved penetration as to either count. The victim testified, as to the charges in Count I, that:
Q. Could you feel whether his finger was going in your private?
A. Yes, Sir.
Q. Was it going in your private?
A. Yes, Sir.
Q. Was it going in a lot or a little?
A. A lot.
Q. And did that happen when he was living at the Silver Point Apartments?
A. Yes.
The victim’s testimony supports the conviction and sentence for one count of the information.
However, the evidence does not support the conviction for the second count. The victim testified regarding that count:
Q. Now, do you remember ... when he moved into his house?
A. Yes.
Q. Were you touched at his house?
A. Yes.
Q. Now, we were just talking a minute ago about being touched on the private, and that’s the area I want to concentrate on. When he moved into his house were you touched on your private?
A. Yes.
Q. Okay. And what did he touch your private with?
A. His finger and his hands.
Q. And when he was living at his house, was that over your clothes or under your clothes?
A. Both.
Q. And when he would touch you at his house did you feel anything?
A. Yes.
Q. What did you feel?
A. Pain.
Q. Was it the same kind of pain you felt before?
A. Yes.
The location of the encounter was important as a time reference and related to the dates set forth in the information. The testimony given by the victim clearly supports the conviction for the first count. However, the conviction for the second count, relating to the time from when the defendant moved into his new home, is unsupported by the evidence. The testimony does not establish penetration by inference or otherwise. Although the victim testified Swaim touched her with his finger and his hands and that she felt pain, she did not indicate that the pain was inflicted by penetration. Later, the prosecutor asked the victim to give him some idea of the depth of the penetration. She responded that Swaim’s “pointer finger” penetrated “about all the way ...,” but this testimony did not clearly relate to any specific time. She was then asked:
Q. And the other time that he, you claim he put his finger in you, did he put it all the way in you?
A. Sometimes. Not all the times.
Q. But at some time you’re saying he did put it in all the way?
A. Yes.
*915 Q. Now, do you remember back in December of 1992 — And you can remember about that time period?
A. A little bit.
Q. Okay, now, do you know, do you remember whether he put his finger in you between December ’92 and September of ’93?
A. Yes.
Q. Well, when did he do it, what time period?
A. In West Virginia.
Q. Is that the time period, in December of ’92 through September of ’93, is that the time that was in West Virginia?
A. It was the day, on Thanksgiving.
Q. So it happened on Thanksgiving, that was in, what, November?
A. I believe, yes, Sir.
Q. I’m not trying to confuse you, but, before, from December of ’92 through September of ’93 is when is claimed that he did it, that he put his finger in you, and was that the time in West Virginia?
A. There was a couple times. One time in West Virginia, yes.
Q. Do you remember where ... Swaim lived from September of ’93?
A. I don’t remember.
Q. Do you remember if he lived in' Orange County?
A. Yes, I believe he did.
It is clear that the victim testified that she was digitally penetrated by Swaim on more than one occasion. It is unclear whether the second penetration occurred when Swaim was in his new house after September of 1993 or in West Virginia on Thanksgiving of 1992 or 1993. Conviction for the second count based upon the information that penetration occurred between October 1, 1993 and January 19,1994, is not supported by the evidence. Obviously, the crime occurring in West Virginia cannot be prosecuted in Florida.
Because the evidence does not support the conviction for the sexual battery charged in count two of the information, we reverse that conviction. We affirm the conviction for count one.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH, J., concurs.
COBB, J., concurs in part; dissents in part, with opinion.